[Cite as *State v. Beckwith*, 2017-Ohio-4298.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104683

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GREGORY E. BECKWITH

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED IN PART, REVERSED IN PART,
### AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-603321-A and CR-16-604159-A

**BEFORE:** McCormack, J., Keough, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** June 15, 2017

**FOR APPELLANT**

Gregory E. Beckwith, pro se
Inmate No. A683-398
Marion Correctional Institution
P.O. Box 57
Marion, OH 43302


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Anne Kiran Mikhaiel
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant Gregory Beckwith appeals from the judgment of the Cuyahoga County Court of Common Pleas in two separate trial court cases. In Cuyahoga C.P. No. CR-16-604159-A, he was convicted of menacing by stalking and related offenses. In Cuyahoga C.P. No. CR-16-603321-A, he was convicted of failure to verify his address as a sex offender. After a review of the record and applicable law, we affirm his convictions in CR-604159, but reverse his sentence in CR-603321 and remand the matter for further proceedings consistent with this opinion. In the following, we address these two cases in turn.[1]

## I. CR-604159 (Menacing by Stalking)

{¶2} In CR-604159, the victim of the stalking case was a patient services representative in the Orthopedic Clinic at MetroHealth Hospital. For several months appellant would sit on a bench near her work area and stared at her while she worked. On one of these occasions he exposed his penis and masturbated. Appellant was charged with one count of burglary (Count 1), two counts of menacing by stalking (Counts 2 and 3), and one count of public indecency (Count 4). Count 2 contained a

---

[1]Although Beckwith filed a notice of appeal from both lower court cases, his appellate counsel raises one assignment of error regarding the registration case (CR-603321) but did not raise any assignment of error regarding the stalking case (CR-604159). Beckwith was unhappy with counsel's performance and subsequently terminated her. This court allowed counsel to withdraw. With this court's permission, Beckwith filed a supplemental brief pro se, raising one assignment of error in CR-604159. We address both assignments of error raised.

furthermore specification of prior conviction of menacing by stalking; Count 3 contained a furthermore specification of trespassing.

{¶3} This stalking matter was tried to the bench. The victim testified that, beginning in June 2014, she started to notice a man, who always wore the same clothes — a black T-shirt, black shorts, Nike sandals or flip-flops, sitting on the bench in the hallway outside her desk area. Her desk is separated from the hallway by a glass window. Several times a day every day, appellant would be sitting on the bench staring at her. On August 1, 2014, a Friday, as she was closing the clinic by herself around 5:00 p.m., she looked out to the hallway and saw appellant sitting on the bench staring inside the clinic. When she glanced over, he reached inside his pants, pulled out his penis, and started to masturbate. Startled, she immediately called her supervisor. When the supervisor came over and picked up the phone to call the police, appellant quickly got up and left.

{¶4} The victim testified she was "scared" and "terrified." She asked her sister, who also worked at MetroHealth, to accompany her to her car. As they were walking out, she saw appellant passing by her. Shaking, she kept walking and looking behind her to make sure he was not following her to her car. She was so "creeped out" by the incident that she did not leave her house the entire weekend. On Monday, August 4, when she went back to work, appellant appeared again on the bench at 10:00 a.m., staring at her. "Shaken" and "scared," she alerted a coworker. When the coworker picked up the phone to call the police, appellant immediately left.

**{¶5}** A coworker testified that, prior to the August 1 incident, the victim pointed appellant out to her and told her "[t]hat's the man if anything happens." Two other coworkers testified about an event on September 3, 2014, which led to appellant's apprehension. Around the time when the victim was about to come to work and clock in, they saw appellant sitting on a bench next to the time clock located in the hallway around the corner from the Orthopedic Clinic. They alerted a MetroHealth police officer of appellant's presence. When the officer approached, appellant quickly got up and walked away. The officer chased him and eventually apprehended him.

**{¶6}** The victim testified that, after the incident, it was "terrifying" just to look at the bench in the hallway from her desk. She developed sleep issues and once had a haunting nightmare where appellant was just sitting on a bench. She testified that two years later she was still frightened just from being in the courtroom with appellant.

**{¶7}** The trial court found appellant not guilty of burglary (Count 1), but guilty of Count 2 (menacing by stalking with the furthermore specification of prior conviction) and Count 4 (public indecency). Regarding Count 3 (menacing by stalking with the furthermore specification of trespassing), the court found him guilty of menacing by stalking but found the state failed to prove the furthermore specification of trespassing. Appellant was sentenced to 18 months on Count 2, 180 days on Count 3, and 60 days on Count 4, to run concurrently.

**Appeal: Sufficiency of Evidence**

**{¶8}** Appellant raises a single assignment of error in CR-604159, arguing the state failed to present sufficient evidence to prove the element of the mental state of "knowingly" and the element of mental distress required for a conviction of menacing by stalking.

**{¶9}** When considering a challenge to the sufficiency of the evidence, a reviewing court examines the evidence admitted at trial and determines whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* A reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997).

**{¶10}** R.C. 2903.211(A)(1) defines the offense of menacing by stalking. It states:

> (1) No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or a family or household member of the other person or cause mental distress to the other person or a family or household member of the other person. * * *

R.C. 2901.22(B) defines "knowingly" as follows:

> A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will

probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist.

{¶11} "Sufficient evidence supports the 'knowingly' element of menacing by stalking if the evidence allows the trier of fact to reasonably conclude that the defendant was aware that his conduct would probably cause the victim to believe that the defendant will cause physical harm or mental distress to the victim." *State v. Bone*, 10th Dist. Franklin No. 05AP-565, 2006-Ohio-3809, ¶ 33, citing *State v. Dario*, 106 Ohio App.3d 232, 665 N.E.2d 759 (1st Dist.1995). Here, the victim's testimony was sufficient to allow the trier of fact to determine that appellant acted knowingly under R.C. 2901.22(B). The testimony showed that appellant was aware his attention toward the victim, which eventually escalated into lewd conduct aimed at her, was unwanted and inappropriate. The fact that he quickly left the scene on the two occasions his presence was about to be questioned clearly shows full awareness.

{¶12} Appellant also argues there was insufficient evidence to show the victim experienced mental distress. Mental distress is defined in R.C. 2903.211(D)(2) as:

(a) Any mental illness or condition that involves some temporary substantial incapacity;

(b) Any mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services.

The statute expressly states that "[t]he state does not need to prove in a prosecution under this section that a person requested or received psychiatric treatment, psychological treatment, or other mental health services in order to show that the person was caused mental distress as described in (D)(2)(b) of this section."   R.C. 2903.211(E).

{¶13} Here, although the victim did not seek psychological treatment or mental health services, she testified she was "scared," "terrified," and "shaken" from the experience, and she developed sleep difficulties and was still frightened of the defendant.

{¶14} More importantly, for a conviction of menacing by stalking, the statute does not require that the victim actually suffered mental distress.   *State v. Horsley*, 10th Dist. Franklin No. 05AP-350, 2006-Ohio-1208, ¶ 47.   "The state need only show that a defendant knowingly caused the victim to believe that he would cause her mental distress or physical harm."   *Id.*   Furthermore, the trier of fact can refer to its own experiences to determine whether the defendant's conduct caused the emotional distress.   *State v. Bilder*, 99 Ohio App.3d 653, 665, 651 N.E.2d 502 (9th Dist.1994).   The first assignment of error is without merit.[2]

**II. CR-603321 (Failure to Verify an Address)**

---

[2]Appellant contends he should not be convicted of menacing by stalking because he never made any verbal threat to the victim.   Menacing by stalking, as defined by R.C. 2903.211(A)(1), does not require making a threat to the victim, although a threat of physical harm to the victim would elevate the offense from a first-degree misdemeanor to a fourth-degree felony.   R.C. 2903.211(B)(2)(b).   In this case, appellant was found guilty of the offense as a fourth-degree felony not because he made a verbal threat to the victim but because he had a prior conviction of menacing by stalking in 2005 (CR-460006).   R.C. 2903.211(B)(2)(a).

**{¶15}** Appellant was convicted in Cuyahoga C.P. No. CR-04-460006-A in 2005 for gross sexual imposition, a fourth-degree felony. Under Megan's Law, he was required to register annually for a period of up to ten years. He was released from prison in 2008. On February 7, 2015, he failed to appear for periodic verification of his current address as required. He was subsequently charged with failure to verify his current address pursuant to R.C. 2950.06 ("Periodic verification of current address"). The charge contained a furthermore specification for a prior conviction in Cuyahoga C.P. No. CR-08-510251-A, where he was convicted of attempted failure to provide notice of change of address in violation of R.C. 2950.05 ("Notice of change of address").

**{¶16}** Appellant pleaded no contest in the instant reporting violation case, and the trial court found him guilty. Because of the prior conviction specification, his offense was elevated from a fourth-degree felony to a third-degree felony, pursuant to R.C. 2950.99. The trial court sentenced him to 24 months, concurrent to the term imposed in CR-604159.

**Appeal: Applicability of Enhancement Provision of R.C. 2950.99**

**{¶17}** Under the first assignment of error relating to CR-603321, appellant challenges the enhancement of his conviction of failure to verify his address from a fourth-degree felony to a third-degree felony based on his prior conviction of attempted failure to provide notice of change of address.

**{¶18}** R.C. 2950.99 prescribes the punishment for nonreporting offenses. When an offender has a prior conviction for a nonreporting offense, the level of a subsequent

offense is elevated. The portion of the statute pertinent to appellant provides that "[i]f the offender previously *has been convicted of or pleaded guilty to * * * a violation of a prohibition* in section 2950.04 [Duty to register], 2950.041[Duty to register resulting from child-victim oriented offense], 2950.05 [Notice of change of address], or 2950.06 [Periodic verification of current address] of the Revised Code * * *[,]" he is guilty of a felony of the third degree. R.C. 2950.99(A)(1)(b)(iii).

{¶19} Here, appellant's offense of failure to verify his address was elevated from a fourth-degree felony to a third-degree felony because of an alleged prior conviction under R.C. 2950.05 for failure to provide notice of change of address in CR-510251. However, in that case, he was convicted of *attempted* failure to provide notice of change of address, not the actual violation. The question presented in this appeal is therefore whether the enhancement provision in R.C. 2950.99 applies when the prior conviction is an attempt offense. The word "attempt" does not appear in R.C. 2950.99.

{¶20} In *State v. Wilson*, 1st Dist. Hamilton No. C-090436, 2010-Ohio-2767, the First District addressed a different question, but its rationale is equally applicable to the present issue. Wilson was convicted of *attempted* failure to register a change of address in the case. Under another sentence enhancement provision set forth in R.C. 2950.99(A)(2)(b), when a defendant such as Wilson who had a prior conviction of a reporting violation and the underlying offense for the prior conviction was a felony, the trial court was required to sentence such a repeat offender to a mandatory three-year prison term. R.C. 2950.99(A)(2)(b). Wilson argued the enhancement provision of

R.C. 2950.99(A)(2)(b) should not apply to him because he was only convicted of *attempted* failure to register a change of address.

**{¶21}** The First District agreed with Wilson's contention, citing the principle of statutory interpretation that "'[a]n unambiguous statute must be applied in a manner consistent with the plain meaning of the statutory language, and a court cannot simply ignore or add words.'" *Wilson* at ¶ 5, quoting *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52. The First District reasoned that R.C. 2950.99 required the trial court to impose a mandatory three-year prison term on repeat nonreporting offenders whose underlying offense for the prior reporting violation was a felony, but the plain language of the statute does not require such a mandatory term for a defendant convicted only of an *attempted* failure to register.

**{¶22}** The Sixth District applied the same "plain meaning" doctrine when it encountered the question presented in the instant appeal: whether a prior conviction of *attempted* reporting violation may be used to enhance the punishment of a subsequent offense of a reporting violation. *State v. Hoselton*, 6th Dist. Lucas No. L-09-1150, 2011-Ohio-1396. In that case, Hoselton was convicted previously of *attempted* failure to verify his address. Because of his prior conviction, the trial court applied the enhancement provision of R.C. 2950.55(A)(2)(b) and sentenced him to a mandatory three-year prison term. The Sixth District, similarly guided by the principle of statutory interpretation applied in *Wilson*, held that the plain and unambiguous language set forth in R.C. 2950.99 does not state enhancement applicability to both violations and attempted

violations of the enumerated statutes, and therefore, the enhancement provision of the statute is clearly and expressly limited to actual violations themselves.  *Id.* at ¶ 10.[3]

**{¶23}** In *State v. Littlejohn*, 8th Dist. Cuyahoga No. 103234, 2016-Ohio-1125, this court encountered the same question of whether a prior conviction of *attempted* nonreporting offense may be used to enhance the level of a subsequent nonreporting offense.  This court, citing *Wilson,* 1st Dist. Hamilton No. C-090436, 2010-Ohio-2767*,* applied the same principle of statutory interpretation and stated, in dicta, that the enhancement provision of R.C. 2950.99 did not apply because the defendant's prior conviction was for *attempted* failure to register.[4]

**{¶24}** Thus, following these precedents, we also apply the plain and unambiguous meaning of R.C. 2950.99 and decline to insert into the statute the word "attempt."

**{¶25}** Even if there were any ambiguity in the statute, it is a long-standing principle that a criminal statute is to be strictly construed against the state.  *State v. Hooper*, 57 Ohio St.2d 87, 89, 386 N.E.2d 1348 (1979). "'[W]here there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant.'"  *State v. Young*, 62

---

[3]The state argues *Hoselton* is inapplicable on the ground that Hoselton was a registered sex offender under Adam Walsh Act and appellant Beckwith is a registered sex offender under Megan's Law.  However, the pertinent portion of R.C. 2950.99 under the Adam Walsh Act and Megan's Law regarding the prior conviction enhancement employ the same language.  Therefore, contrary to the state's contention, *Hoselton* is applicable here.

[4]Because Littlejohn's trial counsel did not object to the use of the prior conviction to enhance the penalty at the trial court, this court found no plain error.  In the instant case, appellant's trial counsel, citing *Hoselton,* specifically objected to the application of the penalty enhancement provision of R.C. 2950.99*.*

Ohio St.2d 370, 374, 406 N.E.2d 499 (1980), quoting *United States v. Bass*, 404 U.S. 336, 348, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971).  The Revised Code expressly states that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."  *See also State v. Woods*, 48 Ohio St.2d 127, 134-135, 357 N.E.2d 1059 (1976).  Construing the statute strictly against the state and liberally in favor of the defendant, we are required to reverse the trial court's sentence of appellant based on the enhancement provision of R.C. 2950.99.  The trial court erred in applying the statute's  enhancement provision and elevating appellant's offense based on a prior conviction of attempted reporting violation.   The first assignment of error relating to CR-603321 is sustained.

**{¶26}** Appellant's convictions for stalking and failure to verify his address are affirmed; however, his sentence for the failure to verify his address is reversed and remanded for further proceeding consistent with this opinion.

**{¶27}** This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MELODY J. STEWART, J., CONCUR