[Cite as *State v. Risch*, 2025-Ohio-2484.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

MATTHEW KEITH RISCH,

    DEFENDANT-APPELLANT.

CASE NO. 2-24-04

OPINION AND
JUDGMENT ENTRY

Appeal from Auglaize County Common Pleas Court
Criminal Division
Trial Court No. 2023-CR-124

Judgment Reversed and Cause Remanded

Date of Decision: July 14, 2025

APPEARANCES:

    *Victoria Bader* for Appellant

    *Laia Zink* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Matthew Keith Risch ("Risch"), brings this appeal from the May 20, 2024 judgment of the Auglaize County Common Pleas Court. On appeal, Risch argues that the trial court erred by permitting Risch's prior convictions to go to the jury, that the trial court abused its discretion by denying Risch's request for a mistrial, that Risch received ineffective assistance of trial counsel, that Risch's consecutive sentences were not clearly and convincingly supported by the record, and that the cumulative errors deprived him of a fair trial. For the reasons that follow, we reverse the judgment of the trial court and remand for a new trial.

*Background*

{¶2} On August 10, 2023, a 10-count indictment was returned against Risch containing the following charges: (Count 1) Gross Sexual Imposition ("GSI") in violation of R.C. 2907.05(A)(4), a third degree felony; (Count 2) GSI in violation of R.C. 2907.05(A)(4), a third degree felony; (Count 3) Attempted GSI in violation of R.C. 2923.02(A) and R.C. 2907.05(A)(4), a fourth degree felony; (Count 4) GSI in violation of R.C. 2907.05(A)(4), a third degree felony; (Count 5) Disseminating Matter Harmful to Juveniles in violation of R.C. 2907.31(A)(3), a fourth degree felony; (Count 6) Disseminating Matter Harmful to Juveniles in violation of R.C. 2907.31(A)(3), a fourth degree felony; (Count 7) Disseminating Matter Harmful to

Juveniles in violation of R.C. 2907.031(A)(1), a fourth degree felony; (Count 8) Disseminating Matter Harmful to Juveniles in violation of R.C. 2907.031(A)(3), a fourth degree felony; (Count 9) Public Indecency in violation of R.C. 2907.09(A)(1), a fourth degree misdemeanor; and (Count 10) Public Indecency in violation of R.C. 2907.09(B)(4), a first degree misdemeanor. The charges stemmed from Risch's interactions with two separate child-victims. Counts 1, 2, 3, 5, 6, 9 and 10 were related to "Victim 1" while Counts 4, 7, and 8 were related to "Victim 2." Risch pled not guilty to the charges.

{¶3} It was alleged, *inter alia*, that while Risch was alone in his basement with Victim 1, Risch put a child's glove on his erect penis and encouraged Victim 1 to touch his erect penis. There was another allegation that while in a vehicle, Risch touched the legs and "upper thigh" area of Victim 1 for purposes of sexual arousal or gratification while Victim 1 had no underwear on.[1] It was also alleged that Risch regularly wore an open robe with nothing underneath it, exposing himself to children.

---

[1] This event occurred in Risch's truck. Victim 1 testified that Risch took her, her sister, and Risch's step-son swimming at a Holiday Inn. Victim 1 did not have clothing to swim in, so she was given Risch's wife's clothing, which was too big for Victim 1. In the pool, Risch was repeatedly grabbing Victim 1 and pulling her on his lap. Victim 1 testified she could feel his "private part" "move" when she was forced to sit on Risch. When the group left the pool, Victim 1 sat behind Risch in his truck. She was wearing a t-shirt and a sweatshirt tied around her waist to cover herself, but no underwear. Risch reached behind himself with his left arm between the door and the seat to touch Victim 1's thigh during the ride. The other two children were asleep in the back during the incident. However, when Victim 1's sister awakened at one point, Victim 1 shined a light from her cell phone on Risch's hand on her thigh, showing her sister, so the incident was observed by another witness.

{¶4} In addition, it was alleged that Risch had a prior conviction for GSI against a child under thirteen, which enhanced the penalty for GSI in violation of R.C. 2907.05(A)(4)/(C)(2). These statutory provisions read as follows:

> (A) No person shall have sexual contact with another; cause another to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
>
> . . .
>
> (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
>
> . . .
>
> (C) Whoever violates this section is guilty of gross sexual imposition.
>
> . . .
>
> (2) Gross sexual imposition committed in violation of division (A)(4) or (B)[2] of this section is a felony of the third degree. Except as otherwise provided in this division, for gross sexual imposition committed in violation of division (A)(4) or (B) of this section there is a presumption that a prison term shall be imposed for the offense. The court shall impose on an offender convicted of gross sexual imposition in violation of division (A)(4) or (B) of this section a mandatory prison term, as described in division (C)(3) of this section, for a felony of the third degree if the offender previously was convicted of or pleaded guilty to a violation of this section, rape, the former offense of felonious sexual penetration, or sexual battery, and the victim of the previous offense was less than thirteen years of age.

---

[2] There are no arguments that R.C. 2907.05(B) is implicated in this case. However, for reference, it reads as follows:

> (B) No person shall knowingly touch the genitalia of another, when the touching is not through clothing, the other person is less than twelve years of age, whether or not the offender knows the age of that person, and the touching is done with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

Notably, Risch did have multiple prior convictions for GSI; however, his only prior conviction related to a child under thirteen was a conviction for "Attempted GSI." Nevertheless, the trial court determined that a prior conviction for Attempted GSI enhanced the penalty in this case under R.C. 2907.05(C)(2).

{¶5} Prior to trial, Risch filed a motion in limine seeking to prevent the State from presenting evidence regarding his prior convictions at trial. In essence, Risch contended that the language in R.C. 2907.05(C)(2) related to a prior conviction was not an element of the crime that needed to be determined by the jury. The trial court held a hearing on the matter wherein the parties argued whether the language in R.C. 2907.05(C)(2) constituted a sentencing factor to be determined by the trial court at the time of sentencing, or an essential, enhancing element of the crime at issue that had to be proven to the jury beyond a reasonable doubt. Ultimately the trial court determined that the language in R.C. 2907.05(C)(2) constituted an essential element that had to be proven to the jury.

{¶6} Risch renewed his objection at trial and contended that the prior conviction language in R.C. 2907.05(C)(2) was merely a sentencing factor to be considered by the trial judge, but the objection was overruled. In an attempt to limit the information regarding his prior convictions that went to the jury, Risch agreed to admit that he had a prior conviction for Attempted GSI of a victim under thirteen.

{¶7} Prior to the commencement of trial, the State dismissed Counts 7 and 8 of the indictment, leaving only one count to be tried related to Victim 2. The trial then proceeded on the remaining counts.

{¶8} At the conclusion of the State's case, Risch made a Crim.R. 29 motion for acquittal on all counts. His motion was granted with respect to Counts 3 and 4, but denied with respect to the remaining charges. Based on the trial court's ruling, there were no remaining charges related to Victim 2.

{¶9} The jury found Risch guilty of all remaining charges against him. On May 20, 2024, Risch was sentenced to serve an aggregate 156-month prison term. A judgment entry memorializing his sentence was filed that same day. It is from this judgment that Risch appeals, asserting the following assignments of error for our review.

**First Assignment of Error**

**The trial court erred when it required the prior conviction to go to the jury.**

**Second Assignment of Error**

**The trial court abused its discretion when it denied the mistrial request.**

**Third Assignment of Error**

**Trial counsel was constitutionally ineffective.**

## Fourth Assignment of Error

**The cumulative effect of the errors in this case denied a fair trial.**

## Fifth Assignment of Error

**The trial court erred when it sentenced Matthew Risch to consecutive sentences that the record clearly and convincingly does not support.**

{¶10} Following oral arguments in this case, we requested that the parties brief two additional issues for our consideration.

1. Pursuant to R.C. 2907.05(C)(2), does Risch's conviction for "Attempted Gross Sexual Imposition" constitute a prior conviction "of this section" such that the penalty becomes mandatory?

2. Defendant's Exhibit A, which was introduced into evidence at trial, contains a stipulation to two prior convictions for Gross Sexual Imposition of individuals who were 14 and 15 years of age.[3] Do the rules of evidence provide any basis for presenting these convictions to the jury when the defendant did not testify?

{¶11} We will begin by addressing Risch's fourth assignment of error, as it is dispositive in this case.

---

[3] The State contends that there was no stipulation in this case since the State would have preferred to present evidence related to the prior convictions to the jury. Thus we will call the statements "admissions" rather than stipulations.

*Fourth Assignment of Error*

**{¶12}** In his fourth assignment of error, Risch argues that the cumulative errors in this case deprived him of a fair trial.

Standard of Review

**{¶13}** Under the doctrine of cumulative error, "a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of a fair trial even though each of the numerous instances of trial-court error does not individually constitute cause for reversal." *State v. Powell,* 2012-Ohio-2577, ¶ 223.

*Trial Court's Application of "Enhancing Offenses" under R.C. 2907.05(C)(2)*

**{¶14}** At a pretrial hearing, the parties discussed whether "Attempted GSI" of a child under thirteen constituted an offense of "this section" such that it enhanced the penalty under R.C. 2907.05(C)(2). The specific enhancing language in R.C. 2907.05(C)(2) reads as follows:

> The court shall impose on an offender convicted of gross sexual imposition in violation of division (A)(4) or (B) of this section a mandatory prison term . . . if the offender previously was convicted of or pleaded guilty *to a violation of this section . . .* and the victim of the previous offense was less than thirteen years of age.

(Emphasis added.) The State argued that "Attempted GSI" would qualify as an offense of "this section" because the GSI language was directly referenced alongside the attempt statute in Risch's indictment and conviction for Attempted

GSI. In addition, the State argued that Risch's prior convictions for GSI of a 14-year-old child and GSI of a 15-year-old child would enhance the offense. Defense counsel initially disagreed that any of the charges enhanced the crime in this case. The following discussion then occurred:

> THE COURT: . . . So for purposes of enhancement, those are the three (3) counts that the State claims would enhance. The enhancement language in the statute…
>
> . . .
>
> I believe it's 2907.05.
>
> [PROSECUTOR]: (C)(2).
>
> THE COURT: [Y]eah, (C)(2). "If the offender previously was convicted of or pleaded guilty to a violation of this section, rape, the former offense of felonious sexual penetration, or sexual battery," and while conviction of 2907.05 in conjunction with 2923.02 is what makes it an attempt, it is still a conviction under 2907.05, and therefore, would still enhance. Is that the position of the State?
>
> [PROSECUTOR]: Yes, Your Honor.

(March 5, 2024, Tr. at 21-22).

{¶15} Critically, when the trial court recited the statutory language of R.C. 2907.05(C)(2), it did not read the portion indicating that the victim had to be less than thirteen to enhance the offense. Nevertheless, the trial court asked defense counsel if he agreed that the prior offenses enhanced this matter, and defense counsel, after conferring with Risch, surprisingly agreed.

The discussion then continued as follows:

THE COURT: Okay. So we're on the same page for that. . . . It's my understanding that the Defendant's position is that the Defendant wishes to admit that he was previously convicted of the GSI of a fifteen (15) year old, the GSI of a fourteen (14) year old, and the attempted GSI of a six (6) to seven (7) year old. And then wishes the Court to exclude admission of these [prior indictments and judgment entries] because they would be,- [sic] the prejudicial effect would outweigh the probative value, because there would be no probative value because since he has admitted the enhancement, there's no need to put in the documents which have other extraneous things in them, like all those other counts of the misdemeanors. Now is that what the Defense is saying? . . .

. . .

[Defense counsel confers with Risch.]

[DEFENSE COUNSEL: Your Honor, the answer is yes, that is what we're trying to do. We want to STIPULATE [sic] to the prior enhancing offense without having additional documents or witnesses to testify to that. That's what we're trying to do with respect to the counts that were just mentioned on the record.

THE COURT: So the Defendant will be admitting that on December 7, 2010, that he was convicted of one (1) count of gross sexual imposition on a fifteen (15) year old; one (1) count of gross sexual imposition on a fourteen (14) year old; one (1) count of attempted gross sexual imposition on a child between the ages of (6) and (7)? Is that a yes?

[DEFENSE COUNSEL]: That's a yes, Your Honor.

. . .

THE COURT: And that would be done in writing, as a written admission; is that what you are saying?

[DEFENSE COUNSEL]: Yes, Your Honor.

. . .

-10-

THE COURT: If the Court receives that admission, in written form and admits it, would the State concur that all the other documents would, therefore, be duplicitous and have no probative value?

[PROSECUTOR]: Yes, Your Honor. I guess I just want to be clear, due to prior arguments, that the Defendant understands that written admission would go to the jury . . . [.]

THE COURT: I said it would be admitted . . . then it would go to the jury and they would, therefore, have to accept that as true without the necessity of any further proof.

(*Id.* at 22-25).

Later during the same hearing, defense counsel raised the issue of the "admissions" again with the trial court.

[Defense Counsel]: . . . I was raising that issue because, you know, obviously, you know, the jury hearing, well, you're convicted of GSI involving a victim under thirteen (13) years of age could be unduly prejudicial. I mean, that's the concern, and is there any other way to modify the way that's presented to the jury, so that they know that he's been convicted of an offense that causes the time to be mandatory without disclosing the nature of the charge? That's the question.

THE COURT: I've ruled on that.

[DEFENSE COUNSEL]: Yes, I understand, Your Honor.

THE COURT: NOTED. [sic] We're going to take a brief recess. During that recess, you can refresh yourselves, but also during that recess, I need to see Defense Counsel concerning the preparation of the admission that he indicated the Defendant was going to admit.

(*Id*. at 73-74).

When court reconvened, a document had been prepared reading as follows:

The Defendant does hereby ADMIT that on December 7, 2010, he was convicted of the following:

1. Gross Sexual Imposition of a 15 year old female;

2. Gross Sexual Imposition of a 14 year old female;

3. Attempted Gross Sexual Imposition of a female between the ages of 6 and 7, in the Wyandot County Court of Common Pleas.

(Def.'s Ex. A).[4] The trial court had Risch sign the document in the courtroom and indicated that the document would be submitted to the jury during the actual trial. The document was ultimately submitted as written to the jury.

Analysis

{¶16} There are multiple issues that arose from the March 5, 2024 hearing that warrant discussion. First, we asked the parties to brief the issue of whether "Attempted GSI" should qualify as a prior offense of "this section" under R.C. 2907.05(C)(2) such that it enhanced the offense in the case *sub judice*. Second, we asked the parties to brief whether the rules of evidence provide any basis for presenting the prior GSI convictions of a 14-year-old and a 15-year-old when those convictions definitively did not enhance the offense in this matter pursuant to R.C. 2907.05(C)(2). We will address each issue in turn.

*Does a prior conviction for Attempted GSI enhance the penalty for GSI under R.C. 2907.05(C)(2)?*

---

[4] Although labeled as "Defendant's Exhibit A," it is not clear who actually prepared the document.

{¶17} Both parties acknowledged that whether "Attempted GSI" enhances the penalty for GSI under R.C. 2907.05(C)(2) is an issue of first impression in this District. In order to determine whether the legislature intended "Attempted GSI" to constitute a violation of "this section" for purposes of R.C. 2907.05(C)(2), we must analyze statutory language and case authority.

{¶18} The primary concern in the interpretation of a statute is legislative intent. *State v. Jordan,* 2000–Ohio–225. Courts will look to the language of the statute itself in attempting to ascertain the legislative intent. *See Stewart v. Trumbull Cty. Bd. of Elections,* 34 Ohio St.2d 129, 130 (1973). In examining the actual language of a statute, words should be given their common, ordinary, and accepted meaning unless the legislature has clearly expressed a contrary intention. *Youngstown Club v. Porterfield*, 21 Ohio St.2d 83, 86 (1970).

{¶19} First, we look to the plain statutory language of the "Attempt" statute as codified in R.C. 2923.02(E)(1). This section states that "whoever violates this section is guilty of *an attempt to commit an offense,*" not "guilty of some form of the crime attempted." (Emphasis added.) This is consistent with case authority interpreting the "attempt" statute.

{¶20} In *State v. Warren*, 2006-Ohio-1281, ¶ 53 (7th Dist.), the Seventh District Court of Appeals stated, "a conviction for an attempted crime is not converted into, or interchangeable with, a conviction for the underlying crime. For example, a conviction for attempted rape is not a conviction for rape, except with a

lesser penalty. It is a conviction for attempted rape, which is a separate crime." *See also*, *State v. Nolan*, 2013-Ohio-2829, ¶ 45 (11th Dist.) ("Although an attempt is a complete offense in itself, it presumes the underlying crime for which the offender has prepared has not been completed.").

{¶21} The Supreme Court of Ohio looked at a similar, albeit distinguishable issue to whether an attempt of a crime can constitute the crime itself for enhancement purposes in *State v. Taylor*, 2007-Ohio-1950. Specifically, the Court was asked to resolve the issue of "whether a conviction for an attempted drug offense that would have been, if successfully completed, a first-degree felony, but which becomes a second-degree felony by virtue of the fact that it is merely an attempt to commit an offense, is subject to the mandatory prison term provisions in R.C. 2925.11." *Id.* at ¶ 1. On review of the relevant statutes, the Court determined that "an attempted possession of drugs is not a separate and distinct crime from possession of drugs, but rather is incorporated into the possession offense." *Id.* at ¶ 16. The Court emphasized that R.C. 2925.01(G)(4) defines a "drug abuse offense" to include any attempt to commit a violation of R.C. 2925.11. *Id.* at ¶ 11. Thus, the court reasoned that the crime of attempted possession was one of the crimes delineated in R.C. 2925.11, and therefore R.C. 2925.11 controlled the sentencing for that crime. *Id.* at syllabus.

{¶22} The holding in *Taylor* has been distinguished by multiple Ohio Appellate Courts and largely limited to the "possession of drugs" statute, R.C.

2925.11. In *State v. Garner*, 2012-Ohio-3262, (8th Dist.), the Eighth District Court of Appeals considered whether "*Attempted* Failure to Comply" constituted a prior conviction of "division (B) of this [Failure to Comply] section" such that a prison term should be imposed consecutively to any other prison term imposed on the offender. The Eighth District determined that unlike in *Taylor*, where a criminal attempt was part of the offense, the statute related to Failure to Comply, R.C. 2921.331,

> delineates the felony level and, in some instances, additional penalties for defendants who violate R.C. 2921.331(C)(4) or (5). However, unlike the statute governing "drug abuse offenses," the crime of "attempted failure to comply" is not one of the crimes delineated in R.C 2921.331. In fact, unlike the crime of "attempted drug possession," which was at issue in . . . *Taylor*, R.C. 2921.331 does not include the word "attempt" in any of its provisions or definitions. Thus, we find no basis to conclude that the legislature intended "attempted failure to comply" to be a crime incorporated in R.C. 2921.331. *See State v. Wilson,* 1st Dist. No. C–090436, 2010–Ohio–2767.

*Garner* at ¶ 17. The Eighth District continued by stating that,

> as set forth in R.C. 2901.04(A), "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." Accordingly, any ambiguities in R.C. 2921.331 and 2923.02 must be interpreted in appellant's favor. With R.C. 2901.04(A) in mind, we hold that the trial court erred in determining that it was mandated to impose a consecutive prison term in this case pursuant to R.C. 2921.331(D).

*Id*. at ¶ 18.

{¶23} Other cases addressing other statutes have come to the same conclusion as the Eighth District Court of Appeals in *Garner*. For example, in *State v. Hoselton*, 2011-Ohio-1396, (6th Dist.), the appellant was required to register as a sex offender as a result of a prior qualifying conviction. He was subsequently convicted of "attempted failure to report." Later, he was convicted in a new case of failure to verify his address in violation of R.C. 2950.06. The trial court imposed a mandatory three-year prison term pursuant to sentencing enhancement provisions in R.C. 2950.99 that elevate the penalty if the defendant had a prior conviction for certain enumerated failure to report crimes. The Sixth District determined that a prior conviction for "*attempted* failure to report" was not contained in the plain enhancing language of the penalty provision of R.C. 2950.99, thus an "attempted" violation did not qualify to enhance the offense. *Id*. at ¶ 10.

{¶24} Similarly, in *State v. Wilson*, 2010-Ohio-2767, (1st Dist.), a defendant was convicted of "Attempted Failure to Register." The trial court sentenced Wilson to a mandatory prison term under R.C. 2950.99 for repeat nonreporting offenders. Wilson argued that the general felony sentencing laws should apply, not R.C. 2950.99, since he had been found guilty of only "attempt." The First District agreed, finding that there was no basis to "conclude that the legislature intended 'attempted failure to register' to be a crime incorporated in R.C. 2950.99." *Id.* at ¶ 7. Stated differently, because R.C. 2950.99 did not expressly include an "attempt" in its penalty enhancement provision, an "attempt" did not qualify.

-16-

{¶25} The statute at issue in this case, R.C. 2907.05(C)(2), is far more similar to R.C. 2921.331 or R.C. 2950.99 than it is to R.C. 2925.11. In R.C. 2907.05(C)(2), there is simply no indication that an "attempt" of a crime was intended to be incorporated in the penalty provision. In fact, the word "attempt" does not appear in R.C. 2907.05 at all.

{¶26} We do understand the State's argument that an "attempt" of a crime necessarily *implicates* the crime attempted, but that does not mean that the defendant is convicted of anything other than a criminal attempt. If the legislature intended for an "attempted" violation of R.C. 2907.05 to be an enhancing factor, it could have simply stated as much. *See State v. Beckwith*, 2017-Ohio-4298, ¶ 24 (8th Dist.) ("Thus, following these precedents, we also apply the plain and unambiguous meaning of R.C. 2950.99 and decline to insert into the statute the word "attempt.").

{¶27} A review of another section of the Revised Code related to sex offender registration indicates that if the legislature had intended an "attempt" to enhance the offense in R.C. 2907.05(C)(2), the legislature would have stated as much. Revised Code 2950.01(A)(14) defines "sexually oriented offenses" for purposes of sex offender registration. It states that a "sexually oriented offense" for purposes of sex offender registration specifically includes an "attempt" to commit a violation of, *inter alia*, R.C. 2907.05. The same or similar language is *not* included in the penalty enhancement provision of R.C. 2907.05(C)(2).

**{¶28}** To make the penalty enhancing language in R.C. 2907.05(C)(2) more directly similar to the language the Supreme Court of Ohio analyzed in the "possession of drugs" statute in *Taylor*, *supra*, the legislature would have needed to state something akin to "if the offender previously was convicted of or pleaded guilty to a 'sexually oriented offense' as defined in R.C. 2950.01 then the penalty becomes mandatory." In that situation, an "attempt" would be statutorily included by reference in a similar manner to *Taylor*'s analysis of R.C. 2925.11. But that is not the case before us.

**{¶29}** Here, the absence of the "attempt" language in R.C. 2907.05(C)(2) suggests that an "attempted GSI" of a child under thirteen was never intended to be an enhancing offense. At the very least, Revised Code sections defining offenses or penalties should be strictly construed against the State and liberally construed in favor of the accused. R.C. 2901.04(A).

**{¶30}** Simply put, by reviewing the plain statutory language, and the case authority interpreting "attempted" violations of various statutes, we find that it was error for the trial court to determine that "Attempted GSI" enhanced the penalty in this case under R.C. 2907.05(C)(2). This error alone would warrant reversal for a new trial. However, it was not the only error of significance that occurred in this case.

*Should "admissions" have been presented to the jury regarding Risch's prior convictions for GSI of a 14-year-old and a 15-year-old?*

{¶31} At the outset, we emphasize that the discussion of R.C. 2907.05(C)(2) at the March 5, 2024 hearing contained a fatal flaw. When the trial court recited the language of R.C. 2907.05(C)(2) at page 22 of the transcript, the trial court omitted the portion related to the victim being thirteen years of age or less. Revised Code 2907.05(C)(2) plainly does not have enhancing language for simply having a prior GSI conviction. Nevertheless, the parties seemed to proceed as though GSI of a 14-year-old and a 15-year-old would enhance the offense and thus the prior convictions could be presented to the jury. The "admissions" were prepared and sent to the jury.

{¶32} There are limited circumstances where a defendant's prior convictions are admissible at trial. Here, Risch did not testify and the State presented no evidence regarding his prior actions/convictions under Evid.R. 404(B). Even with the trial court's (erroneous) pretrial ruling that Risch's prior conviction for Attempted GSI of an individual under thirteen was an enhancing element in this case that needed to be determined by the jury, there is no established relevance to Risch's prior convictions for GSI of a 14-year-old or of a 15-year-old. Those convictions are not enhancing elements and they should not have been presented to the jury.

{¶33} Further, there is no established relevance to the extra language included in Defendant's Exhibit A that Risch was convicted of Attempted GSI of a female "between the ages of 6 and 7[.]" The only language that needed to be included in the "admission" under the trial court's ruling regarding the Attempted

GSI conviction was that Risch had a prior conviction of Attempted GSI of an individual under thirteen. All of the remaining information is irrelevant and highly prejudicial.

**{¶34}** The Supreme Court of Ohio has stated as follows regarding the erroneous introduction of prior convictions:

> The existence of a prior offense is such an inflammatory fact that ordinarily it should not be revealed to the jury unless specifically permitted under statute or rule. The undeniable effect of such information is to incite the jury to convict based on past misconduct rather than restrict their attention to the offense at hand. For this reason, we do not consider the trial court's admonitions to the jury that appellee's prior convictions are immaterial to his guilt of the present charge sufficient to cure the error. Nor are we persuaded that appellee would have been convicted absent the disclosure to the jury of appellee's two prior convictions.

*State v. Allen*, 29 Ohio St.3d 53, 55 (1987).

**{¶35}** We find that it was error for defense counsel to admit to information that was so highly prejudicial and inadmissible based on the evidence presented at trial and it was error for the trial court to permit the introduction of the prior convictions. Moreover, the inflammatory nature of the prior offenses was not cured by the instructions of the trial court. The trial court stated that the information was only received because

> a prior conviction of Attempted Gross Sexual Imposition of a victim under the age of thirteen (13) is an element of some of the offenses charged. . . . It was not received, and you may not consider it, to prove the character of the Defendant in order to show that he acted in conformity to, or in accordance with that character. It does not follow

-20-

from the Defendant's past acts that he committed the particular crimes charged in this case. The State has the burden of proving each element of the particular crimes currently at trial beyond a reasonable doubt. The State cannot satisfy its burden merely by implying that the Defendant committed these crimes because his other acts suggest a propensity to commit crimes.

(Tr. at 721). Notably, although the trial court's instructions reference Risch's admissions in Defendant's Exhibit A, the trial court does not specifically instruct the jury how to consider or apply the GSI convictions of the 14-year-old or the 15-year-old.

{¶36} Regardless, even assuming the trial court's instructions applied to Defendant's Exhibit A as a whole and not only to the conviction related to a victim under the age of thirteen, it is not sufficient to cure the prejudice here. In *Old Chief v. United States*, 519 U.S. 172 (1997), the Supreme Court of the United States held that "Where a prior conviction was for a gun crime or one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious * * *." *Old Chief* at 185. Here, the prior convictions were for GSI against minors and Risch was facing charges for, *inter alia*, GSI against minors. This evidence "would be arresting enough to lure a juror into a sequence of bad character reasoning[.]" *Old Chief* at 185. As we have stated previously, a curative instruction cannot cure instances where the prejudice is so great that it is impossible to "unring the bell." *State v. Bruce*, 2023-Ohio-3298, ¶ 114 (3d Dist.), citing *Tumblin v. State*, 29 So.3d 1093, 1102 (Fla. 2010).

**{¶37}** Moreover, we are unpersuaded by the State's claim that if there was any error here, it was "invited error." The "errors" were made by defense counsel and the trial court. Further, the errors were of such gravity that the fundamental fairness of the trial is in question. Moreover, courts have refused to apply the invited error doctrine where there is no colorable trial strategy that would support the invited error. *State v. James*, 2015-Ohio-4987, ¶ 29 (8th Dist.) ("We refuse to apply the rule that the invited error doctrine forbids consideration of ineffective assistance of counsel claims based on the invited error doctrine because there is no colorable trial strategy that would support the invited error.").

**{¶38}** In sum, after reviewing the record and the arguments of the parties, we find that it was error for the trial court to determine that "Attempted GSI" was an enhancing offense in this case under R.C. 2907.05(C)(2). We also find that the introduction of Defense Exhibit A was erroneous because it contained extraneous, inadmissible, and highly inflammatory information. Further, we find that the errors were prejudicial and warrant reversal for a new trial. Therefore, Risch's fourth assignment of error is sustained and this case is remanded to the trial court for a new trial.[5] *See State v. Bruce*, 2023-Ohio-3298, ¶ 115 (3d Dist.).

---

[5] We emphasize that our holding is not intended to suggest that the State's case against Risch was unfounded or that the evidence of the witnesses was somehow unpersuasive.

{¶39} As Risch's fourth assignment of error has been sustained and his convictions have been reversed, his remaining assignments of error are rendered moot, and we will not further address them.

*Conclusion*

{¶40} Having found error prejudicial to Risch in the particulars assigned and argued, his fourth assignment of error is sustained and this cause is reversed and remanded for a new trial. The remaining assignments of error are moot.

***Judgment Reversed and Cause Remanded***

**ZIMMERMAN and MILLER, J.J., concur.**

**/jlm**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the fourth assignment of error is sustained and it is the judgment and order of this Court that the judgment of the trial court is reversed with costs assessed to Appellee for which judgment is hereby rendered. The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

---

Juergen A. Waldick, Judge

---

William R. Zimmerman, Judge

---

Mark C. Miller, Judge

DATED:
/jlm